# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

FILED
2011 AUG -4  PM 12: 10
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | | |
|---|---|---|
| JEANNE RUTAN MURRAY, **Plaintiff** | § § § | CIVIL ACTION |
| VS. | § § § | NO. A11 CA 666 LY |
| AUSTIN INDEPENDENT SCHOOL DISTRICT *Defendant* | § § § | JURY REQUESTED |

## ORIGINAL COMPLAINT

### Jurisdiction and Venue

1. This action alleging violations of age discrimination and/or retaliation violations arising under the Age Discrimination in Employment Act, 29 U.S.C. §621 et. seq., ("ADEA"), and/or retaliation arising under the Texas Whistleblower Act, Texas Government Code §554.001 et.seq., ("TWA").

2. All conditions precedent, to the extent required, were performed prior to the filing of this original complaint. See attached charge and right to sue letter.

3. Jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331, 1343, and 1367.

4. The acts or omissions, which serve as the basis for this cause of action, occurred in Travis County, State of Texas and in this Division of the Western District of Texas; therefore venue is proper in this Court. 28 U.S.C. §1391(b) and (c).

### Parties

5. Plaintiff, Jeanne Rutan Murray ("Murray") is a natural person whose primary residence is located in Travis County, Texas. Murray may be contacted at 6225 Harrogate Drive, Austin, Texas 78759, 512-797-0313, 512-825-5099, 512-257-8496, jeannemurray@earthlink.net.

6. Defendant, Austin Independent School District ("AISD"), is a school district operating in Travis County Texas and may be served process via its attorney, Marquette M. Maresh, Walsh, Anderson, Brown, Gallego & Green, P.C., P.O. Box 2156, Austin, TX 78768, 512-454-6864, mmaresh@wabsa.com.

## STATEMENT OF THE CASE

7. Murray brings this action under ADEA and TWA.

8. Murray is over the age of 55.

9. Murray was reassigned to Oak Hill Elementary after the start of the 2009-2010 school year.

10. Murray was subjected to different terms and conditions of her employment due to her age shortly after her arrival at Oak Hill Elementary.

11. Murray complained of age discrimination to her supervisors shortly after she began to experience the disparate treatment.

12. Following her opposition to the perceived age discrimination as expressed to her supervisors, the disparate treatment aimed at Murray continued and increased in scope, number, and intensity.

13. In the Spring semester, Murray reported an assault to the AISD police that had and was occurring within her classroom, which was endangering the health of her students, following the Oak Hill Elementary administration's failure to address the assaultive conduct.

14. Following Murray's report to the AISD police, the Oak Hill Elementary administrators began an intensified course of conduct which further exacerbated the harassment she was already experiencing.

15. This increased harassment created a hostile work environment for Murray.

16. Murray filed a Grievance through the AISD policy based process specifically alleging a violation of the Texas Whistleblower Act as the basis for the harassment she was experiencing.

17. During the multiple-level Grievance process, AISD representatives continued to subject Murray to a hostile work environment.

18. Murray met all deadlines contained within the AISD Grievance processes, including the filing of the final Level IV appeal seeking a hearing in front of the AISD Board, which forms the final step of the AISD Grievance process seeking final agency action.

19. Prior to the setting of her Level IV AISD Board Hearing, AISD made an offer to settle the dispute. AISD's offer to only remove documents from her personnel file for a total release of all claims against AISD was unacceptable to Murray. Murray rejected AISD's offer and involuntarily resigned her employment in protection of her health as the harassment that she was experiencing became too much for her to bear.

20. AISD never set the Level IV hearing and never issued a final agency decision from the Board.

21. Murray eventually approached AISD seeking to have the Level IV hearing set before the Board so that she could proceed to assert her rights under the TWA.

22. AISD responded to Murray in a letter dated July 5, 2011, notifying her that it would not set the Level IV hearing and that it had granted her all relief sought in her grievance, thus apparently dismissing as moot, Murray's Whistleblower Grievance.

23. Murray timely files this suit within 30 days of the notification to her by AISD of its final agency action.

24. Murray seeks compensation for AISD's violations of the ADEA and/or TWA to include compensatory damages, back pay, front pay, and attorney's fees and costs associated with bringing this action.

## FACTUAL ALLEGATIONS

25. Murray taught for nearly 30 years with the great majority of that time teaching within AISD and with a consistent history of excellent performance and objective evidence of top performance of her students academically.

26. Upon Murray's transfer to Oak Hill Elementary several weeks after the start of the 2009-2010 school year, she was immediately made aware that she was not welcome through the actions and communications of nearly every aspect of the Oak Hill Elementary community. Several of these actions and communications made derogatory references to the relative age of Murray compared with the first year teacher she was being assigned to replace and other younger teachers in general.

27. Murray was then "observed and rated" by a member of the AISD administration in the classroom using criteria which are atypical for AISD. Additionally, the report recorded negative information based upon alleged observations which were factually inaccurate.

28. Murray complained about these issues to her supervisors and attributed the motivation of these negative experiences to her age.

29. Murray was not aware of any action being taken to address her expressed concerns either to investigate or rectify the negative treatment.

30. In fact, Murray began to experience retaliation for her complaints in the form of disparate discipline for conduct that she did not engage in while another teacher was not disciplined at all even though she had actually engaged in the conduct for which Murray was

allegedly disciplined. To make matters worse, Murray was disciplined without having conducted an investigation or at least getting Murray side of the story prior to the discipline.

31. Murray also experienced several other disparate terms and conditions of her employment which continued to harass, humiliate, and generally make her employment more difficult in comparison to the other teachers that were substantially younger than her and/or had not opposed discrimination in the workplace. These additional examples include but are not limited to other disparate discipline incidents, disparate directives, and a refusal for more than three months to place a picture of Murray in the main display case as a member of the teaching staff, while all other teachers' pictures were displayed.

32. The harassment continued through to the Spring semester with additional examples of disparate treatment not exerted upon younger employees or employees that had not opposed disparate treatment.

33. On or about February 25, 2010, a new transfer student to Murray's class, who had been having a difficult time adjusting to his new class, continued a pattern of misbehavior of assaulting and/or threatening assault, and thus scaring, the other students in Murray's class.

34. Murray sent the student to the office to protect the other students and have the administration address the illegal/assaultive behavior. However, the administration did not address the illegal/assaultive conduct and sent the student back to Murray's classroom shortly after the student had been removed.

35. The students in the class were terribly upset by the new student's quick return to the classroom. Given Murray's nearly 30 years of experience teaching, she believed that she needed to act immediately to protect the other students and minimize disruption in the class caused by the one student.

36. Murray therefore called AISD police to report the illegal/assaultive conduct and an AISD police officer was dispatched immediately to the campus and removed the student from the classroom. The AISD police officer commended Murray for her report as being appropriate and that they were there to assist her in just these types of incidents.

37. The Oak Hill Elementary administrators were not so pleased.

38. Murray was verbally challenged and upbraided by Oak Hill Elementary administrators for having called the AISD police.

39. Less than two weeks later, Murray became the target of increasingly intense, pervasive and severe harassment to include but not be limited to disparate terms and conditions, isolation, ostracism, disciplinary action based upon false or fabricated information, failure to follow policy and state law regarding placing her on a professional growth plan without having communicated with her prior to its creation and implementation. Examples of these retaliatory actions also include but are not limited to: 1) accusing and disciplining Murray for allegedly reenacting the sale of the African American students in the class between the white students, which did not happen, without having conducted an investigation or even speaking with Murray first before concluding that the allegations were true, and 2) intentionally refusing to include Murray in a ceremony where the principal publicly honored, in order from most senior, the teachers at Oak Hill Elementary.

40. Murray timely filed her Level I AISD Grievance alleging a violation of the Texas Whistleblower Act and other violations and seeking the removal of several documents from her file.

41. Murray continued to pursue her AISD Grievance rights past the end of the school year and into the summer.

42. During the appeal process, Murray was informed that she would be moved yet again, despite her years of experience and positive objectively measured performance regarding her students' assessment test scores, where her classes delta change in performance was in line with or better than average when compared with other classes at Ok Hill Elementary even though that was her first year at the school, she was not present for the entire year, her class had the highest number of special needs students, she had to teach the students the material from the year before which had not been retained by her students from the year before, and she was pervasively harassed for a majority of the year.

43. Following the year long harassment, the heightened harassment following her report to the AISD police of assault in her classroom, the consistent denial of her Grievance appeals despite a lack of evidence in support of the administrations adverse actions against her, and her reassignment, yet again, despite her seniority, Murray's health began to suffer. As a result and upon consultation with her physician, Murray decided that she could no longer remain employed at AISD and still protect her health.

44. After Murray's attorney filed her final Level IV Appeal to the AISD Board for a hearing, Murray involuntarily resigned/retired to protect her health.

45. Prior to Murray's involuntary separation, AISD and Murray's attorney were attempting to work out a settlement of her dispute offering to remove particular negative documents from her personnel file and other actions in exchange for Murray dismissing her grievance and a complete release of all causes of action that Murray might have against AISD.

46. This settlement agreement was never accepted or executed by Murray.

47. AISD never set the Level IV hearing nor issued a final determination to Murray following her having timely filed her Level IV Appeal in the summer of 2010.

48. That is, it was not until Murray received a letter from AISD on July 5, 2011 in response to her offer to resolve the dispute did Murray receive any notification of the following from AISD:

- It would not set a Level IV hearing in front of the Board, and
- It had decided to remove from her personnel file the documents that Murray sought to be removed through her grievance, thus granting Murray all relief requested in the Grievance.

49. Therefore, this lawsuit is timely filed having been filed within 30 days from the date that Murray received notification of AISD's final decision in her Grievance to grant all relief requested within the Grievance thus mooting the Grievance.

## DAMAGES

50. Because of statutorily impermissible and willful acts of AISD and its representatives as discussed above, Murray has suffered lost of income, loss of benefits, loss of career opportunity, loss of career investment and loss of advancement. As a consequence of the outrageous actions by AISD, Murray has suffered humiliation, loss of standing in the community, severe emotional pain and suffering, inconvenience, loss of enjoyment of life, irritation and severe mental anguish. Murray seeks injunctive relief, compensatory, and equitable damages as well as attorney's fees and costs and pre and post judgment interest in the maximum amounts allowed by law.

## **RELIEF REQUESTED**

Paragraphs one (1) through fifty (50) of this complaint are incorporated by reference and made a part of Relief One through Relief Seven, inclusive.

## LEGAL RELIEF

### Relief One

Murray has no plain, adequate or complete remedy at law to redress the wrongs alleged, and this suit for injunctive relief and equitable and compensatory damages is the only means of securing adequate relief. Murray suffered, and is now suffering and will continue to suffer irreparable injury from the policy, practice, custom and/or usage of AISD as set forth herein until and unless enjoined by the Court. Additionally, the Court is requested after notice and hearing to order AISD to conduct seminars and other counseling to its management staff as part of an educational sensitivity and anti-discrimination training processes.

### Relief Two

Murray seeks an award of back pay and front pay for the loss of income as a result of the age-based disparate treatment and/or retaliatory conduct of AISD and its representatives during Murray's employment and as a result of her experience.

### Relief Three

Murray seeks awards of pre- and post-judgment interest on any amounts awarded to her.

## LEGAL RELIEF

### Relief Four

Under Texas Gov't Code §554.001 et seq., Murray is entitled to actual damages due to the illegal conduct of AISD as alleged herein.

### Relief Five:

Under Texas Gov't Code §554.001 et seq., Murray is entitled to reinstatement, compensation of lost wages, and reinstatement of fringe benefits and seniority rights due to the illegal conduct of AISD as alleged herein.

### Relief Six:

Under 29 U.S.C. §621 et seq., Murray is entitled to liquidated damages due to the malicious and/or recklessly indifferent actions by AISD to their abridgment of Murray's rights under this law.

### Relief Seven:

Under 29 U.S.C. §621 et seq. and/or Texas Gov't Code §554.001 et seq., Murray is entitled to reasonable attorney's fees and costs.

### PRAYER FOR RELIEF

Plaintiff request the Court to cause AISD to be cited to appear and answer in this Court, and that upon final hearing, the Court grant to Plaintiff as follows:

1. Grant Plaintiff her compensatory damages;
2. Grant Plaintiff her back pay damages;
3. Grant Plaintiff her front pay damages;
4. Grant Plaintiff her liquidated damages;
5. Grant Plaintiff pre & post-judgment interest in the highest lawful amount;
6. Grant Plaintiff her reasonable attorney's fees, together with her costs; and
7. Such other and further relief as the Court determines justice and equity so require.

Respectfully submitted,

_____
Jeanne Murray
6225 Harrogate Drive
Austin, Texas 78759
512-797-0313
jeannemurray@earthlink.net
PRO SE PLAINTIFF