**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JEANNE RUTAN MURRAY** | § | |
| | § | |
| **V.** | § | **A-11-CA-666 LY** |
| | § | |
| **AUSTIN INDEP. SCH. DIST.** | § | |

**ORDER AND
REPORT AND RECOMMENDATION**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is the Defendant Austin Independent School District's Motion to Dismiss (Clerk's Doc. No. 8); Plaintiff's Response in Opposition to Motion (Clerk's Doc. No. 12); AISD's Reply (Clerk's Doc. No. 13); Defendant's Motion to Strike Additional Pleadings in Plaintiff's Response to Defendant's First Amended Motion to Dismiss (Clerk's Doc. No. 14); Plaintiff's Response to Motion (Clerk's Doc. No. 15); and Plaintiff's Response to Motion (Clerk's Doc. No. 17).  On December 27, 2011, the District Court referred the above-motions to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.     Background**

Murray worked as a teacher in the Austin Independent School District (AISD), and she resigned in the summer of 2010.  She claims that AISD discriminated against her because of her age and because she reported an incident with a child in her classroom to the police.  She claims that one of the students in her class was abusive towards the other children, she did not receive help from the administration, and after she called the police—a decision she claims that the administration did not

endorse—the administration retaliated against her.   She claims that AISD violated the Age

Discrimination in Employment Act (ADEA) and the Texas Labor code by discriminating against her

because of her age.   And she claims that AISD violated Texas's Whistleblower Act and the Texas

Family Code when it retaliated against her for calling the police after a student choked one student,

slapped another with a ruler, and made threatening gestures with scissors.   AISD has moved to

dismiss Murray's claims.   AISD claims that her complaint lacks sufficient information to support

her claims, and that the factual allegations in her complaint fail to state a cause of action.   AISD also

moves to strike claims it believes Murray added in her response to the motion to dismiss.[1]

## II.   Standard of Review

Murray is proceeding pro se in this case.   Thus, in considering the 12(b)(6) motion, the Court

must construe her allegations liberally.   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).   Rule 12(b)(6)

allows for dismissal of an action "for failure to state a claim upon which relief can be granted."

While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, in

order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief

above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also*,

*Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).   A plaintiff's obligation "requires more than

---

[1]On December 19th, the District Court received a letter from the Plaintiff, asking that the Court "dismiss my case because of financial concerns."   Clerk's Doc. No. 15.   Because Murray subsequently filed more documents suggesting a desire to continue the case, the undersigned held a hearing on February 2, 2012, to determine her intentions with regard to the suit.   At the hearing, Murray expressed that she wanted to maintain her suit.   The Court used the hearing to address basic issues regarding Murray's pleadings and her filings in the case.   Among other things, the undersigned implored Murray to consult the Federal Rules of Civil Procedure and the local rules located on the District's website.   For example, Local Rule CV-7 governs pleadings, including what is allowed, when it must be filed, and how to format pleadings.   Even though Murray is proceeding pro se, she must follow the rules of procedure.

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The Supreme Court recently expounded on the *Twombly* standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2009).

## III.   Murray's Allegations

Murray sues on four grounds: (1) the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et. seq.*; (2) the Texas Whistleblower Act (TWA), Texas Govt. Code § 554.001, *et. seq.*; (3  the Texas Commission on Human Rights Act (TCHRA), Texas Labor Code § 21.051, *et. seq.*;, and (4) the Texas Family Code § 261.110, *et. seq.*

### A.      Murray's Hostile Work Environment Claims

To support two of her claims, the ADEA claim and the TCHRA claim, Murray alleges that AISD constructively discharged her with a hostile work environment.  Liberally construing the complaint, Murray has pled sufficient facts to support a hostile work environment claim.[2]  She alleges that she is over forty; she was subjected to harassment because of her age; the harassment created a hostile work environment; and AISD knew about the hostile environment and did not stop

---

[2]Contrary to AISD's assertion, the Fifth Circuit has held that a plaintiff may file a hostile work environment claim based on age discrimination under the ADEA.  *See Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 441 (5th Cir. 2011) (announcing that plaintiffs can sue for hostile work environment claims based on age discrimination and stating elements for a prima facie case.)

it.  Accordingly, the undersigned RECOMMENDS that the District Court DENY the Motion to Dismiss (Clerk's Doc. No. 8) with regard to the ADEA claim.  Further, Murray's TCHRA claim's requirements mirror the ADEA, except that the TCHRA only requires age to be a "motivating factor" for an employment decision instead of the ADEA's "but for" causation requirement. *Jackson v. Host Intern., Inc.*, 426 F. App'x 215, 219 n.2 (5th Cir. 2011).  Therefore, the undersigned RECOMMENDS that the District Court DENY the Motion to Dismiss as to the TCHRA claim.

### B.    Murray's Whistleblower and Family Code Claims

Murray also claims that AISD violated Texas's Whistleblower Act and Family Code when it retaliated against her for reporting a student to the police.  These assertions fail to state a cause of action under either statute.

The Texas Whistleblower Act prohibits a state or local governmental entity from taking adverse personnel action against a public employee who reports in good faith a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority.  TEX. GOV'T CODE ANN. § 554.002(a).  Murray does not allege that she reported a violation of the law by AISD or an AISD employee; therefore, she has failed to state a claim. Accordingly, the undersigned RECOMMENDS that the District Court GRANT the Defendant's Motion to Dismiss Murray's Whistleblower claim.

Similarly, Murray cannot state a claim under the Family Code.  The Family Code prohibits an employer from suspending or terminating a professional who in good faith reports child abuse or neglect.  TEX. FAMILY CODE § 261.110(b).  But the conduct in Murray's complaint amounts to a student bullying—not child abuse.  The Family Code defines "abuse," and Murray's allegations do not fit the definitions.  For instance, Murray does not allege that the student's actions caused an

"observable and material impairment in the child's growth, development, or psychological functioning." *Id.* § 261.001(1)(B). And although she claims that the offending student choked one student, slapped another with a ruler, and made threatening motions with a pair of scissors, these incidents were not severe enough to cause "physical injury that results in substantial harm to the child, or the genuine threat of substantial harm from physical injury to the child." *Id.* § 261.001(1)(C). Further, Murray does not allege that AISD suspended or terminated her for making the report. Therefore, the undersigned RECOMMENDS that the District Court GRANT the Motion to Dismiss the Family Code claim.

## IV.   AISD's Motion to Strike

AISD moves to strike the "additional causes of action" contained in her Murray's Response to the Motion to Dismiss. Clerk's Doc. No. 14. But Murray did not amend her complaint. While the court must liberally construe Murray's pleadings, the court will not go so far as to allow her to assume she has added causes of action simply because she mentionsthem in response to a motion. At the hearing, the undersigned explained to Murray that if she wants to add new claims, she must seek leave to amend her complaint. Because the Court does not construe Murray's casual mention of potential causes of action as an amended complaint, there is nothing for the court to strike in response to AISD's motion. Accordingly, the Motion to Strike (Clerk's Doc. No. 14) is MOOT.

## IV.   Conclusion

In summary, the undersigned RECOMMENDS that the District Court DENY the Defendant's Motion to Dismiss (Clerk's Doc. No. 8) with regard to Murray's ADEA and TCHRA claims, and GRANT the Motion to Dismiss with regard to Murray's Whistleblower and Family Code claims. FURTHER, AISD's Motion to Strike (Clerk's Doc. No. 14) is DENIED AS MOOT.

## V.      Warnings

The parties may file objections to this Report and Recommendation.   A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.   *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of March, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE