**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JEANNE RUTAN MURRAY** | § | |
| | § | |
| **V.** | § | **A-11-CA-666 LY** |
| | § | |
| **AUSTIN INDEP. SCH. DIST.** | § | |

## ORDER

Before the Court is the Plaintiff Jeanne Murray's Motion for Leave to File Second Amended Complaint (Clerk's Doc. No. 39); Defendant's Response in Opposition to Motion (Clerk's Doc. No. 40); and Plaintiff's Reply (Clerk's Doc. No. 41).  The District Court referred the above-motion to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.      General Background

Murray filed her First Amended Complaint on October 3, 2011.  Following Murray's amendments, AISD moved to dismiss her claims.  Upon review, the Court declared that Murray had sufficiently pleaded causes of action for: (1) a hostile work environment under the Age Discrimination in Employment Act ("ADEA"), and (2) a hostile work environment claim under the Texas Commission on Human Rights Act ("TCHRA") and the Texas Labor Code § 21.051.  It denied Murray's Whistleblower and Family Code Claims, on the grounds that she her pleadings failed to state claims.

Murray now brings a Motion for Leave to File a Second Amended Complaint.  She seeks to assert five claims: (1) a hostile work environment claim under Title VII of the Civil Rights Act of 1964; (2) a hostile work environment claim under "other federal authority"; (3) a hostile work

environment claim under "similar State" authority; (4) a "constructive discharge claim" under Title VII of the Civil Rights Act of 1964 or any other authority; and (5) a claim that AISD deprived her of her job without due process of law, in violation of her 14th Amendment rights.

AISD opposes Murray's Motion for Leave to Amend, arguing that her motion should be denied because her claims are either redundant (claims 1, 2, and 3) or futile (claims 4 and 5).

## II.   Standard of Review

"Leave to amend [a complaint] should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) (internal citation omitted). However, a court may properly deny leave to amend a complaint if it determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("[A] district court acts within its discretion when dismissing a motion to amend that is . . . futile.") (internal citation omitted). Thus, in deciding whether a proposed amendment would be futile, the court may look to whether it would be dismissed under Rule 12(b)(6).

A motion to dismiss under Rule 12(b)(6) is "viewed with disfavor and . . . rarely granted." *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006). In reviewing the motion, the court is to take all of the well-pleaded facts in the complaint as true, viewing them in the light most favorable to the plaintiff. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). For years, the long-standing rule had been that a court may not dismiss a case under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no

set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court articulated the standard differently, stating instead that the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." 550 U.S. at 570, 555. Subsequently, the Supreme Court has clarified that this new standard applies to all case, not just to antitrust cases such as *Twombly*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009).

## III.   Analysis

Murray's first three claims all assert that she was subjected to a hostile work environment "under Title VII of the Civil Rights Act of 1964 and other federal authority and the similar State hostile work environment claim." Motion for Leave to File Second Amended Complaint at 2. AISD opposes these claims as redundant because the Court determined in ruling on AISD's motion to dismiss that Murray has stated a hostile work environment claim under the ADEA and TCHRA. AISD is correct. Title VII is not applicable, as Murray has only alleged age discrimination—not discrimination based on race, national origin, religion, or sex. As the Court previously construed Murray's Amended Complaint to include hostile work environment claims under the ADEA and TCHRA, to add them via a Second Amended Complaint would be redundant..

Murray also seeks to assert a claim for constructive discharge. To demonstrate constructive discharge, Murray needs to establish that her "working conditions were so intolerable that a reasonable employee would feel compelled to resign." *Brown v. Kinney Shoe Corp.*, 237 F.3d 556, 566 (5th Cir. 2001). AISD argues that this claim is futile as she has not plead sufficient facts to

3

support this claim.  As noted by AISD, Murray did not attach a proposed Second Amended Complaint to her motion, so the Court cannot determine whether Murray's proposed amended complaint contains sufficient factual allegations.  Regardless, whether working conditions are sufficiently "intolerable" is fact specific—the Fifth Circuit has listed seven factors courts should consider in making that determination.  *Id.*  Such a fact-specific claim is not one ordinarily appropriately dismissed on a 12(b)(6) motion, and the Court declines to deny leave to amend on this claim on that basis.  If AISD believes sufficient facts are not pled once the amended complaint is on file, it can certainly file a motion to dismiss at that time.

Murray's final proposed claim is based on an alleged denial of due process under the 14th Amendment.  She asserts that AISD deprived her of her property interest in continued employment without due process of law.  Clerk's Doc. No. 39 at 3.  A person's interest in a job may be a property interest for due process concerns.  *E.g., Perry v. Sindermann*, 408 U.S. 593, 601 (1972).  This is true even if no formal job tenure system exists, provided there are rules or a mutual understanding that support a claim of entitlement to the position that can be invoked at a hearing.  *Id.* at 601–02.

According to Murray's First Amended Complaint, she acknowledges that AISD had a grievance policy and procedure, and participated in it.  Clerk's Doc. No. 5 ¶¶ 17–23.  However, before her Level IV Board Hearing, Murray resigned.  *Id.* ¶ 20.  Although public school teachers can have a property right in their job, that is only one element of a 14th Amendment claim—there must also be a deprivation of the job.  Murray admits in her own pleadings she resigned.  As noted above, she can (and has) plead a constructive discharge claim, but that claim is incompatible with a due process violation.  She admits she participated in AISD's due process system, but she quit before that process was complete.  Therefore, she cannot maintain a 14th Amendment claim.

4

**IV.      Conclusion**

Based on the above, the Court HEREBY GRANTS Murray's Motion for Leave to File

Second Amended Complaint (Clerk's Doc. No. 39).  She may file a Second Amended Complaint

that includes a claim for constructive discharge.  Thus, Murray is ORDERED to file a  Second

Amended Complaint containing her original hostile environment claims, her new constructive

discharge claim, and sufficient factual allegations to support the claims, **all no later than August**

**15, 2012.**

SIGNED this 1st day of August, 2012.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE